MORGAN, LEWIS & BOCKIUS LLP
Melinda S. Riechert, Bar No. 65504
melinda.riechert@morganlewis.com
Marina C. Gruber, Bar no. 271542
marina.gruber@morganlewis.com
1400 Page Mill Road
Palo Alto, CA  94304
Tel:    +1.650.843.4000
Fax:   +1.650.843.4001

Attorneys for Defendant
VERIZON MEDIA INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| JANE ROE,<br><br>                    Plaintiff,<br><br>           vs.<br><br>VERIZON MEDIA, INC., formerly OATH, INC., and DOES 1-25,<br><br>                    Defendants. | Case No.<br><br>**DEFENDANT VERIZON MEDIA INC.'S NOTICE OF REMOVAL**<br><br>**[28 U.S.C. §§ 1332 AND 1441]**<br><br>**DIVERSITY JURISDICTION** |

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SILICON VALLEY

DB2/ 39101634.1

NOTICE OF REMOVAL

**TO THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA AND TO PLAINTIFF AND HER COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE THAT**, pursuant to 28 U.S.C. sections 1332 and 1441, Defendant Verizon Media Inc. (hereinafter, "Verizon Media" or "Defendant") hereby removes the above-entitled action from the San Francisco County Superior Court to the United States District Court for the Northern District of California. Removal is based on the following grounds:

**I.      PROCEDURAL BACKGROUND.**

1. On April 2, 2020, Plaintiff Jane Roe ("Plaintiff") filed a complaint in the Superior Court of the State of California, County of San Francisco, entitled *Jane Roe v. Verizon Media, Inc. formerly Oath, Inc., and DOES 1-25,* Case No. CGC-20-584099 (the "Complaint"). Plaintiff alleges the following causes of action: (1) Disability discrimination in violation of the Fair Employment and Housing Act ("FEHA"); (2) Failure to make reasonable accommodations for disability; (3) Failure to engage in the interactive process; (4) Sexual Harassment by Nonemployee; (5) Failure to Prevent Discrimination and Harassment; (6) Wrongful Termination in Violation of Public Policy; and (7) Retaliation. A copy of Plaintiff's Complaint is attached to this Notice as **Exhibit A**.

2. On or about April 20, 2020, Plaintiff served Defendant's attorneys with copies of the Summons, Complaint, Civil Case Cover Sheet and Notice and Acknowledgment of Receipt—Civil. Copies of the Summons, Civil Case Cover Sheet, and Notice and Acknowledgment of Receipt—Civil are attached to this Notice as **Exhibit B**.

3. On May 11, 2020, counsel for Defendant signed the Notice and Acknowledgment of Receipt and served it on Plaintiff's counsel. A copy of the executed Notice and Acknowledgment of Receipt is attached to this Notice as **Exhibit C**.

4. On May 12, 2020, counsel for the parties entered into a Stipulation Regarding Electronic Service of Documents. This Stipulation was filed with the Superior Court of the State of California, County of San Francisco on May 12, 2020. A copy of this Stipulation is attached to this Notice as **Exhibit D**.

5. On June 9, 2020, Defendant filed its Answer in the Superior Court of the State of California, County of San Francisco. A copy of Defendant's state court Answer is attached to this Notice as **Exhibit E**.

## II. REMOVAL IS TIMELY.

6. Pursuant to 28 U.S.C. section 1446(b), removal is timely because Defendant has filed this Notice of Removal within thirty (30) days of returning the Notice and Acknowledgment of Receipt. *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999).

7. No previous Notice of Removal has been filed for the relief sought in this action.

## III. THE COURT HAS DIVERSITY JURISDICTION UNDER 28 U.S.C. § 1332(A).

8. This matter is a civil action over which this Court has original diversity jurisdiction pursuant to 28 U.S.C. section 1332, and this matter may be removed to this Court under the provisions of 28 U.S.C. sections 1441(a) and (b) in that the amount in controversy exceeds $75,000, exclusive of interest and costs; the action involves citizens of different States; and no properly joined defendant is a citizen of California.

### A. Complete Diversity of Citizenship Exists Between the Parties.

9. A case may be heard in federal court under diversity jurisdiction if there is complete diversity, i.e., all plaintiffs are diverse from all defendants. 28 U.S.C. § 1332(a). A defendant may remove an action to federal court under 28 U.S.C. § 1332, provided no defendant is a citizen of the same state in which the action was brought or of the same state in which the plaintiff is a citizen. 28 U.S.C. § 1441(a), (b).

10. Complete diversity exists here between Plaintiff and Defendant because Plaintiff and Defendant are citizens of different states. Further, in compliance with 28 U.S.C. § 1441(b)(2), "none of the parties in interest properly joined and served as defendants is a citizen of the State in which [this] action is brought."

#### 1. Plaintiff Is a Citizen of California.

11. "An individual is a citizen of the state in which he is domiciled . . . ." *Boon v. Allstate Ins. Co.*, 229 F. Supp. 2d 1016, 1019 (C.D. Cal. 2002) (citing *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001)). For purposes of diversity jurisdiction, citizenship is

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SILICON VALLEY

DB2/ 39101634.1

3    NOTICE OF REMOVAL

determined by the individual's domicile at the time that the lawsuit is filed. *Armstrong v. Church of Scientology Int'l,* 243 F.3d 546, 546 (9th Cir. 2000) *(citing Lew v. Moss*, 797 F.2d 747, 750 (9th Cir. 1986)).

12. Evidence of continuing residence creates a presumption of domicile. *Washington v. Hovensa LLC*, 652 F.3d 340, 345 (3d Cir. 2011). Once the removing party produces evidence supporting that presumption, the burden shifts to the other party to come forward with contrary evidence, if any, in order to dispute domicile. *Id.*

13. In her Complaint, Plaintiff alleges that she "is an adult female who resides in the state of California." *See* Ex. A, Compl., ¶ 3. Plaintiff also alleges she "has resided in California since 2014. Plaintiff was hired by Defendant in April 2017 to work in Defendant's San Francisco office. Plaintiff, a California resident both at the time of the interview and to the present, interviewed for a job in California, reported to a boss who was based in California, and had a dedicated desk at Defendant's San Francisco office." Compl., ¶ 10. Plaintiff does not allege in her Complaint any alternate state of citizenship and does not state any facts that would support that she is a citizen of Delaware or New York. As Defendant's employee, Plaintiff provided it with information that her residence was within the State of California. For example, Plaintiff's last home address was in San Francisco, California. Declaration of Janis Blake in support of Notice of Removal ("Blake Decl."), ¶ 2, **Exhibit F**. Plaintiff's payroll records show that she remained a resident of San Francisco, California throughout her employment at Defendant. *Id.* Therefore, Plaintiff is a citizen of California for diversity jurisdiction purposes.

### 2. Defendant Is a Citizen of the State of Delaware and New York.

14. For purposes of establishing diversity jurisdiction, a corporation is deemed to be a citizen of any state by which it has been incorporated and of the State where it has its principal place of business." 28 U.S.C. § 1332(c)(1); *Hertz Corp. v. Friend*, 559 U.S. 77, 92–93 (2010) (concluding that a corporation's principal place of business is the "nerve center" where corporate officers direct, control, and coordinate corporate activities).

15. Defendant Verizon Media Inc. is incorporated in Delaware and has its principal place of business in New York, New York. *See* Declaration of Abigail Harris-Deans ("Harris-

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SILICON VALLEY

DB2/ 39101634.1

4   NOTICE OF REMOVAL

Deans Decl.") at ¶ 3, attached as **Exhibit G**.

16. Therefore, based on the Complaint, Plaintiff is not a resident of Delaware or New York and is a citizen of a state different than Defendant. As a result, diversity jurisdiction exists. 28 U.S.C. § 1332(a).

### 3. The Citizenship of Fictitious "Doe" Defendant Is Irrelevant for Purposes of Removal.

17. In compliance with 28 U.S.C. § 1441(b)(2), "none of the parties in interest properly joined and served as Defendant is a citizen of the State in which [this] action is brought." Pursuant to 28 U.S.C. § 1441(b)(1), the citizenship of defendant sued under a fictitious name shall be disregarded. The inclusion of "Doe" defendants in Plaintiff's state court complaint has no effect on removability. *Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 690-91 (9th Cir. 1998); 28 U.S.C. § 1441(a) (stating that for purposes of removal, the citizenship of defendants sued under fictitious names shall be disregarded).

18. Because Plaintiff and Defendant are not citizens of the same state and Defendant is not a citizen of California, diversity of citizenship exists.

### B. The Amount in Controversy Exceeds $75,000.

19. Federal district courts have original jurisdiction over civil actions where the amount in controversy of at least one of the plaintiff's claims exceeds the sum or value of $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a). Removal is proper if, from the allegations of the Complaint and the Notice of Removal, it is more likely than not that the claims exceed $75,000, exclusive of interest and costs. *Sanchez v. Monumental Life Ins. Co.*, 825 F. Supp.2d 1005, 1008 (E.D. Cal. 2011) (diversity statute confers jurisdiction over entire action, not just specific claims alleged in complaint, and therefore, claims of a single plaintiff are aggregated in order to satisfy amount in controversy).

20. A "defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014).

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SILICON VALLEY

5   NOTICE OF REMOVAL

DB2/ 39101634.1

21. In measuring the amount in controversy, the Court must assume that the Complaint's allegations are true and that a jury will return a verdict for the plaintiff on all claims made in the Complaint. *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002). The ultimate inquiry is what amount is put in controversy by the plaintiff's Complaint, not what a defendant will actually owe. *Korn v. Polo Ralph Lauren Corp.*, 536 F. Supp. 2d 1199, 1205 (E.D. Cal. 2008) (denying plaintiff's motion for remand). This burden "is not 'daunting,' as courts recognize that under this standard, a removing defendant is not obligated to 'research, state, and prove the plaintiff's claims for damages.'" *Id.* at 1204–05. Similarly, a removal notice does not need to contain evidentiary submissions. *Dart*, 574 U.S. 81 at 95 (holding the District Court erred in remanding for want of an evidentiary submission).

22. Here, Plaintiff alleges in her Complaint that she "seeks to recover damages in excess of $25,000, exclusive of interest and costs." Compl., ¶ 9.

23. In determining whether the jurisdictional minimum is met, courts consider all alleged recoverable damages, including emotional distress damages, punitive damages and attorneys' fees. *Hunt v. Washington State Apple Advertising Comm'n*, 432 U.S. 333, 347–48 (1977) (superseded by statute on other grounds); *Gibson v. Chrysler Corp.*, 261 F.3d 927, 945 (9th Cir. 2001); *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155–56 (9th Cir. 1998).

24. While Defendant denies Plaintiff's factual allegations and denies that Plaintiff is entitled to the relief she seeks in her Complaint, it is clear that the amount in controversy exceeds $75,000.[1]

25. Plaintiff alleges she has suffered damages including "loss of income and benefits." **Ex. A**, Compl., ¶¶ 53, 59, 66, 72, 81, 88, 95, and Prayer, ¶ A. Lost earnings and benefits are

---

[1] This Notice of Removal discusses the nature and amount of damages and penalties placed at issue by Plaintiff's Complaint. Defendant's references to specific damage or penalty amounts and citations to comparable cases are provided solely for the purpose of establishing that the amount in controversy is more likely than not in excess of the jurisdictional minimum. Defendant maintains that each of Plaintiff's claims is without merit and that Defendant is not liable to Plaintiff. Defendant specifically denies that Plaintiff has suffered any damages as a result of any act or omission by Defendant or that Defendant engaged in any conduct that would justify awarding the damages or imposing the statutory penalties Plaintiff seeks. No statement or reference contained herein shall constitute an admission of liability or a suggestion that Plaintiff will or could actually recover any damages or penalties based upon the allegations contained in the Complaint or otherwise.

Morgan, Lewis &
Bockius LLP
Attorneys at Law
Silicon Valley

DB2/ 39101634.1

6   NOTICE OF REMOVAL

included in the amount-in-controversy calculation.  *See, e.g.*, *Melendez v. HMS Host Family Rest., Inc.*, No. CV 11-3842, 2011 WL 3760058, at *2 (C.D. Cal. Aug. 25, 2011) (including projected lost wages from date of alleged adverse employment action to anticipated date of judgment in amount-in-controversy calculation); *Rivera v. Costco Wholesale Corp.*, No. C 08-02202, 2008 WL 2740399, at *3 (N.D. Cal. July 11, 2008) (considering "lost wages and benefits [that] may accrue" after removal).  Assessing a plaintiff's anticipated lost wages over a one-year period—from the filing of the Complaint to the expected date of judgment, for example—has been deemed reasonable.  *See, e.g.*, *Melendez*, 2011 WL 3760058, at *2; *Rivera*, 2008 WL 2740399, at *1, 3.

26. At the time of her discharge, Plaintiff earned a salary of $16,167.29 (including target bonus) per month.  Blake Decl., ¶ 3.  A jury trial in this case likely would not occur for one to two years from the date of removal.  See United States District Courts – National Judicial Caseload Profile for the Northern District of California, https://www.uscourts.gov/sites/default/files/data_tables/fcms_na_distprofile0930.2019.pdf (reflecting a median time of 27.8 months from filing date to trial date in civil cases in the Northern District of California).  Using the median estimate of only 27 months between the date of filing and the entry of judgment in this matter (which we conservatively assume will happen in July 2022), Plaintiff's damages for lost wages alone would total at least $436,516.83.[2]  This amount alone exceeds the jurisdictional requirement.

27. Plaintiff also alleges emotional distress damages.  *See, e.g.*, Compl., ¶¶ 53, 59, 66, 72, 81, 88, 94.  More specifically, Plaintiff alleges she has suffered "indignity, great humiliation and emotional distress manifesting in physical symptoms."  *See, e.g.*, *id*. at ¶ 94.  Courts have held that such allegations are sufficient to satisfy the amount-in-controversy requirement.  *Simmons v. PCR Tech.*, 209 F. Supp. 2d 1029, 1031–35 (N.D. Cal. 2002) (holding that plaintiff's damage claims, including lost wages, medical expenses, emotional distress, and attorneys' fees, were enough to put the amount in controversy above $75,000).  Indeed, plaintiffs alleging emotional distress regularly seek—and courts regularly uphold—damage awards exceeding

---

[2] Plaintiff's lost wages was calculated as follows: $16,167.29/month x 27 months = $436,516.83.

$75,000 for such damages. *Keiffer v. Bechtel Corp.*, 65 Cal. App. 4th 893, 895 (1998) (upholding jury award in excess of $75,000 for emotional distress damages in a single-plaintiff age-discrimination case); *Silo v. CHW Med. Found.*, 86 Cal. App. 4th 947, 955 (2001) (upholding jury award in excess of $75,000 for noneconomic damages in a wrongful termination lawsuit); *Satrap v. Pac. Gas & Elec. Co.*, 42 Cal. App. 4th 72, 76 (1996) (upholding a jury award in excess of $75,000 for noneconomic damages).

28. Plaintiff also requests an unspecified amount in punitive damages. Plaintiff's claims for punitive damages are part of the amount in controversy when determining diversity jurisdiction. *Gibson v. Chrysler Corp.*, 261 F.3d 927, 945 (9th Cir. 2001); *Davenport v. Mutual Benefit Health and Accident Ass'n*, 325 F.2d 785, 787 (9th Cir. 1963) (punitive damages must be taken into account where recoverable under state law).

29. California juries have returned verdicts with substantial punitive damage awards in employment discrimination actions. *See Simmons v. PCR Tech.*, 209 F. Supp. 2d 1029, 1033 (N.D. Cal. 2002) ("the jury verdicts in these cases amply demonstrate the potential for large punitive damage awards in employment discrimination cases"). Thus, Plaintiff's claim for punitive damages places an even greater amount in controversy.

30. Plaintiff also seeks to recover an unspecified amount of attorneys' fees. Courts have held that an award of attorneys' fees, if such fees are authorized, may be considered for purposes of calculating the amount in controversy. *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155–56 (9th Cir. 1998) ("We hold that where an underlying statute authorizes an award of attorneys' fees, either with mandatory or discretionary language, such fees may be included in the amount in controversy."); *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 697–98 (9th Cir. 2007) (attorneys' fees are included in the calculation of the amount in controversy under 28 U.S.C. § 1332(a)). Here, Plaintiff brings claims under the Fair Employment and Housing Act, which allows a "prevailing party" to recover reasonable attorneys' fees. Cal. Gov. Code § 12965(b) ("[T]he court, in its discretion, may award to the prevailing party . . . reasonable attorney's fees and costs, including expert witness fees"); *Simmons*, 209 F. Supp. 2d at 1035 ("The court notes that in its twenty-plus years' experience, attorneys' fees in individual

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SILICON VALLEY

8   NOTICE OF REMOVAL

DB2/ 39101634.1

1   discrimination cases often exceed the damages."); *Sasso v. Noble Utah Long Beach, LLC*, No. CV 14–09154–AB, 2015 WL 898468, at *6 (C.D. Cal. Mar. 3, 2015) (finding $300 per hour to be a "reasonable rate" for attorneys' fees in employment cases and 100 hours to take a case to trial to be a "conservative" estimate; therefore, attorneys' fees in employment cases "may reasonably be expected to equal at least $30,000 (100 hours x $300 per hour)").

31.   While Defendant denies any and all liability to Plaintiff, based on a conservative good faith estimate of the value of the alleged damages in this action (lost wages, punitive damages, attorneys' fees), the amount in controversy in this case well exceeds $75,000, exclusive of interest and costs. *See Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F. 3d 373, 376-377 (9th Cir. 1997) (holding that where a complaint does not allege a specific dollar amount, the case is removable if the removing defendant shows by a preponderance of the evidence that the jurisdictional amount is present); *see also Simmons*, 209 F. Supp. 2d at 1031–35 (holding that Plaintiff's damages claim, including lost wages, medical expenses, emotional distress and attorneys' fees, was enough to put the amount in controversy above $75,000).

## IV. ALL OTHER PREREQUISITES FOR REMOVAL HAVE BEEN SATISFIED.

32.   The pleadings attached to this Notice as **Exhibits A-E** constitute all the process, pleadings, and orders filed in this action to date in San Francisco County Superior Court.

33.   Venue is proper in this district pursuant to 28 U.S.C. section 1441(a) because this district encompasses the county in which this removed action has been pending.

34.   Defendant will promptly serve Plaintiff with this Notice of Removal and will promptly file a copy of this Notice of Removal with the clerk of the state court in which the action is pending, as required under 28 U.S.C. § 1446(d).

35.   If any questions arise as to the propriety of the removal of this action, Defendant respectfully requests the opportunity to present a brief and oral argument in support of its position that this case is subject to removal.

36.   By this Notice of Removal and the exhibits hereto, Defendant does not intend to make any admissions of fact, law or liability relating to the claims in the Complaint and it expressly reserves the right to assert any and all defenses against Plaintiff's allegations.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SILICON VALLEY

9                                                   NOTICE OF REMOVAL

DB2/ 39101634.1

## V. CONCLUSION.

37. Wherefore, Defendant respectfully requests that this action be removed from the San Francisco County Superior Court to the United States District Court for the Northern District of California, and that all future proceedings in this matter take place in the United States District Court for the Northern District of California.

Dated: June 10, 2020                                  MORGAN, LEWIS & BOCKIUS LLP


By /s/ Melinda S. Riechert
    Melinda S. Riechert
    Marina C. Gruber
    Attorneys for Defendant
    VERIZON MEDIA INC.